(52 Misc. Rep. 662)

## DANELLA v. PARADISE.

(Supreme Court, Appellate Term.   February 11, 1907.)

1. APPEAL—OTHER REMEDY IN LOWER COURT—MOTION TO RESTORE MECHANIC'S LIEN.

Where the court made an order discharging a mechanic's lien and lis pendens of record upon the filing of an undertaking, and the county clerk improperly discharged both of record before receiving the undertaking, such premature action afforded no ground of appeal from the order, but the remedy was by a motion in the lower court to restore the lien and lis pendens of record.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 25–33.]

2. SAME—OBJECTION NOT RAISED BELOW.

The objection that an affidavit on a motion to discharge a mechanic's lien does not allege sufficient reasons for requiring a shorter notice than eight days cannot be raised for the first time on appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 1205–1215.]

Appeal from City Court of New York, Special Term.

Action by Joseph Danella against James Paradise, also known as G. Paradise; the name "G." being fictitious, and real name being unknown to plaintiff.   From an order discharging a mechanic's lien and lis pendens, filed by plaintiff against the real estate of defendant upon the filing of an undertaking by defendant, plaintiff appeals.   Affirmed.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

Peter C. Kelly, for appellant.

David Arthur, for respondent.

PER CURIAM.   This is an appeal from an order of the City Court discharging a mechanic's lien and lis pendens, filed by plaintiff against the real estate of defendant, upon the filing of an undertaking by defendant in the sum of $800.   It appears from the notice of lien and the papers upon which the order is based that plaintiff was to do work and furnish materials in the alteration of defendant's premises for which he was to receive $1,600, that $500 have been paid and that $300 worth of work and material remained to be done and furnished when plaintiff left the job.   This makes the amount of plaintiff's claim $800 at the time of the filing of the lien.

If the county clerk discharged the lien of record before receiving the bond, such discharge was improper, and unauthorized by the order itself.   The plaintiff, however, has a remedy in the court below by moving to restore the lien and lis pendens of record, on the ground that such discharge was not in accordance with this order; but such premature action of the county clerk affords no ground of appeal from the order under consideration.   So far as the alleged preliminary objections to the form or sufficiency of the moving papers are concerned, there is nothing in the record to indicate that any such preliminary objections were ever made until raised on this appeal.   Nor does there appear to be any good foundation for at least one of such objections, as the affidavit, in point of fact, was made by the owner,

and, if it does not allege sufficient reason for requiring a shorter notice than eight days, that objection cannot be raised for the first time on appeal.

We can find no good reason for reversing the order, which must be affirmed, with $10 costs and disbursements.